ORIGINAL

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| HENRY ALLEN SASSER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 108-011 |
| ) | |
| JAMES DONALD, Commissioner; ) | |
| VICTOR WALKER, Warden; and ) | |
| AUGUSTA STATE MEDICAL PRISON, ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Mens State Prison located in Hardwick, Georgia, when this action commenced,[1] brought the above-captioned case pursuant to 42 U.S.C. § 1983. Because he is proceeding *in forma pauperis*, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

Plaintiff initially filed his complaint in the Middle District of Georgia, (doc. no. 1), but the matter was transferred to this District on January 23, 2008. (Doc. no. 15). On May

---

[1] Plaintiff is currently confined at a medical facility in Columbia, South Carolina.

7, 2008, the Court reviewed Plaintiff's complaint in conformity with the *in forma pauperis* statute. Because Plaintiff brought claims that should have been brought in the Dublin Division of the Southern District of Georgia, the Court transferred those claims and ordered Plaintiff to file a new complaint using the forms utilized by this District. (Doc. no. 17). Plaintiff has submitted an amended complaint (doc. no. 20), and it is this document that the Court will now review.

## I. BACKGROUND

*Liberally* construing Plaintiff's amended complaint, the Court finds the following. Plaintiff names the following Defendants: (1) James Donald, Commissioner of the Georgia Department of Corrections, (2) Augusta State Medical Prison ("ASMP"), and (3) Victor Walker, Warden of ASMP.

Plaintiff's amended complaint alleges that Defendants failed to properly attend to Plaintiff's medical needs. Specifically, Plaintiff alleges that around March 20, 2006, he was transferred to ASMP with a large sore on his buttocks. (Id. at 4). Several months later, Dr. Reddick performed "reconstructive surgery to repair the damage done." (Id.). After the surgery was performed, Plaintiff alleges that neither Dr. Reddick nor Dr. Enendu would prescribe any antibiotics for him. (Id.). Shortly after the surgery, Plaintiff alleges, the skin around the stitches became infected and had to be removed. (Id.). He contends that removing these stitches left "huge openings" that had to be packed and were not allowed to heal "the way [they] should." (Id.). He further alleges that such treatment resulted in "terrible scarring." (Id.). Plaintiff also states that Dr. Enendu refused to prescribe him blood thinner for the blood clots in his legs, which allegedly resulted in another blood clot in March

2007. (Id. at 4-5). Plaintiff maintains that the entire time he was incarcerated at ASMP, he was "forced to do my digital bowel program while in bed because no one would provide a proper toilet seat." (Id. at 5). Finally, Plaintiff states that he "could not take a proper shower due to not having a shower chair." (Id.).

Plaintiff states that he filed "letters of concern" and filed informal grievances regarding these matters. (Id.). However, he contends that he lived "in fear of retaliation" and that unnamed persons threatened to transfer him back to Johnson State Prison (where he was formerly incarcerated) if he continued to pursue his claims; thus, he was "forced to live with these conditions . . . ." (Id.).

## II. DISCUSSION

### A.  Defendants Removed from Amended Complaint

When Plaintiff filed his original complaint in the Middle District of Georgia, he named Defendants Dennis Brown, B. Nichols, Jane and John Does (Deputy Warden of Care and Treatment), Jane and John Does (Health Service Administrator), and Jane or John Does (Medical Transfers) in connection with his claims that were subsequently transferred to the Southern District of Georgia. (Doc. no. 1). Upon transfer of some of Plaintiff's claims to the Dublin Division, Plaintiff was instructed to file an amended complaint regarding his claims to be heard by this Court. (Doc. no. 17, pp. 3-4). Plaintiff has submitted his amended complaint, and upon review, the Court finds that Plaintiff no longer names the above-named individuals as Defendants. (Doc. no. 20, p. 1). It is well settled that an amended complaint shall supersede and replace in its entirety the previous complaint filed by Plaintiff. Malowney v. Federal Collection Deposit Group, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999)

(recognizing that amended complaint supersedes original complaint); King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994). As Plaintiff has failed to name Defendants Dennis Brown, B. Nichols, Jane and John Does (Deputy Warden of Care and Treatment), Jane and John Does (Health Service Administrator), and Jane or John Does (Medical Transfers) in the caption or state any claims against them in his amended complaint, these Defendants should be dismissed from this action.

## B. Failure to Exhaust Administrative Remedies

Section 1997e(a) of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's mandatory exhaustion requirement applies to all federal claims brought by any inmate. Porter v. Nussle, 534 U.S. 516, 520 (2002). Moreover, the Court does not have discretion to waive the requirement, even if it can be shown that the grievance process is futile or inadequate. Alexander v. Hawk, 159 F.3d 1321, 1325-26 (11th Cir. 1998).

Furthermore, the PLRA also "requires proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 92 (2006). In order to properly exhaust his claims, a prisoner must "us[e] all steps" in the administrative process; he must also comply with any administrative "deadlines and other critical procedural rules" along the way. Id. at 90 (internal quotation omitted). If a prisoner fails to complete the administrative process or falls short of compliance with procedural rules governing prisoner grievances, he procedurally defaults his claims. Johnson

v. Meadows, 418 F.3d 1152, 1159 (11th Cir. 2005), *cert. denied*, 548 U.S. 925 (2006). Put plainly, "a Georgia prisoner 'must timely meet the deadlines or the good cause standard of Georgia's administrative grievance procedures.'" Salas v. Tillman, 162 Fed. Appx. 918, 920 (11th Cir. Jan. 17, 2006) (quoting Johnson, 418 F.3d at 1155).

Also, because exhaustion of administrative remedies is a "precondition" to filing an action in federal court, an inmate must complete the administrative process *before* initiating suit. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (*per curiam*); see also Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999). Under the PLRA, the Court has no discretion to inquire into whether administrative remedies are "plain, speedy, [or] effective." Porter, 534 U.S. at 524; see also Alexander, 159 F.3d at 1326. Rather, under the PLRA's "strict exhaustion" requirement, administrative remedies are deemed "available" whenever "'there is the possibility of at least some kind of relief.'" Johnson, 418 F.3d at 1155, 1156.

Within the Georgia Department of Corrections, the administrative grievance process is governed by SOP IIB05-0001. See SOP IIB05-0001 § VI(B). Once an inmate has unsuccessfully attempted to resolve a complaint through discussion with the staff involved, the administrative remedies procedure commences with the filing of an informal grievance. Id. § VI(B)(1). The inmate has ten (10) calendar days from "the date the offender knew, or should have known, of the facts giving rise to the grievance" to file the informal grievance. Id. § VI(B)(5). The timeliness requirements of the administrative process may be waived upon a showing of good cause. See id. § VI(C)(2) & (D). The SOP requires that an inmate be given a response to his informal grievance within ten (10) calendar days of its receipt by the inmate's counselor; the informal grievance procedure must be completed before the

inmate will be issued a formal grievance. Id § VI(B)(12)-(13).

If unsatisfied with the resolution of his informal grievance, an inmate must complete a formal grievance form and return it to his counselor within five (5) business days of his receipt of the written resolution of his informal grievance. Id. § VI(C)(2). Once the formal grievance is given to the counselor, the Warden/Superintendent has thirty (30) calendar days to respond. Id. § VI(C)(14). If the inmate is not satisfied with the Warden's response to the formal grievance, he has five (5) business days from the receipt of the response to file an appeal to the Office of the Commissioner; the Office of the Commissioner or his designee then has ninety (90) calendar days after receipt of the grievance appeal to respond. Id. § VI(D)(2),(5). The grievance procedure is terminated upon the issuance of a response from the Commissioner's Office. Id.

Here, Plaintiff alleged that he wrote "letters of concern" and filed informal grievances regarding the events alleged in his complaint. Notably, however, Plaintiff does not allege that he has filed any formal grievances as required by the Georgia Department of Corrections administrative remedies procedure. Plaintiff contends that he did not pursue these administrative remedies out of fear of retaliation. (Doc. no. 20, p. 5). In essence, Plaintiff contends that the grievance procedure was futile or that administrative remedies were otherwise unavailable to him. As to the first argument, the Court has already noted that it does not have discretion to waive the exhaustion requirement, even if it can be shown that the grievance process is futile or inadequate. Alexander, 159 F.3d at 1325-26. Thus, to the extent Plaintiff raises a veiled argument that the grievance procedure at ASMP was inadequate or that resort to administrative remedies would have been futile, the Eleventh

Circuit has foreclosed any such argument. Id.

Plaintiff's argument that administrative remedies were unavailable to him due to threats of retaliation is likewise without merit. In Porter, cited *supra*, the Supreme Court held that the PLRA's exhaustion requirement applied even to a prisoner alleging that the use of excessive force was a "prevailing circumstance" at his place of incarceration. 534 U.S. at 532. Justice Ginsberg, writing for a unanimous Court, explained that a prisoner's allegations of "a prolonged and sustained pattern of harassment and intimidation by corrections officers," cannot serve to remove his case from the ambit of § 1997e(a). Id. at 530. Thus, the Court is not persuaded that Plaintiff's general fear of retaliation at ASMP served to render administrative remedies unavailable.

More importantly, although it is arguable that threats of violent reprisal can, under certain circumstances, render administrative remedies "unavailable" or otherwise justify an inmate's failure to pursue them, see, e.g., Hemphill v. New York, 380 F.3d 680, 686-91 (2d Cir. 2004), the Court is not persuaded that the instant case presents any such circumstances. Plaintiff is no longer confined as ASMP and was transferred to Mens State Prison, where he was confined at the time of the commencement of this action. Thus, any fear of retaliation from Defendants cannot justify Plaintiff's failure to seek leave to file an out-of-time grievance following his transfer. See SOP IIB05-0001 § VI(C)(2) & (D) (noting that the timeliness requirements for filing a formal grievance may be waived upon a showing of "good cause"). Simply put, Plaintiff's transfer and his ability to file an out-of-time grievance upon transfer negates his argument that he failed to file a grievance because he was afraid Defendants would retaliate. As exhaustion of administrative remedies is a "precondition"

7

to filing an action in federal court, Plaintiff had to complete the administrative process *before* initiating this suit. Since he failed to file formal grievances prior to initiating this suit, Plaintiff's claims should be dismissed without prejudice.[2]

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Defendants Dennis Brown, B. Nichols, Jane and John Does (Deputy Warden of Care and Treatment), Jane and John Does (Health Service Administrator), and Jane or John Does (Medical Transfers) be **DISMISSED** from this action, that Plaintiff's case be **DISMISSED** without prejudice for failure to exhaust administrative remedies, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this ___ day of October, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court recognizes that the Supreme Court recently held that under the Prison Litigation Reform Act, exhaustion of administrative remedies is an affirmative defense. Jones v. Bock, 127 S. Ct. 910, 921 (2007). However, if the allegations in the complaint, taken as true, demonstrate that a prisoner's claims are barred by an affirmative defense, the complaint is subject to dismissal for failure to state a claim upon which relief can be granted. Id. at 14; see also Clark v. Georgia Bd. of Pardons and Paroles, 915 F.2d 636, 640-41 (11th Cir. 1990) (explaining that district court may dismiss prisoner's complaint "if [it] sees that an affirmative defense would defeat the action," including the prisoner's failure to exhaust "alternative remedies"). Therefore, because it is clear from the face of Plaintiff's amended complaint that he failed to exhaust his administrative remedies, the Court can properly recommend that Plaintiff's complaint be dismissed. See Anderson v. Donald, 261 Fed. App'x 254, 256 (11th Cir. 2008) (finding that the district court properly dismissed the plaintiff's complaint because the allegations in the complaint sufficed to establish that Plaintiff failed to exhaust his administrative remedies).